**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

SHADONIE PAYLOR
_____
                                    Plaintiff

                    vs.

DISTRICT OF COLUMBIA                        Case Number   2022 CA 003678 B
_____
                                    Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Lawrence B. Manley, Esq
_____
Name of Plaintiff's Attorney

2026 32nd Street, SE
_____
Address
Washington, DC 20020

(202) 256-4524
_____
Telephone

_Clerk of the Court_

By _____
                                    Deputy Clerk

Date   09/20/2022

如需翻译,请打电话 (202) 879-4828        Veuillez appeter au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화해주세요        ይህ ጽሑፍ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                  Super. Ct. Civ. R. 4

Filed
D.C. Superior Court
08/19/2022 09:59AM
Clerk of the Court

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

SHADONIE PAYLOR                                    :
2700 Jasper Street, S.E., Apt. 239                 :
Washington, DC 20020                               :
                                                   :
        Plaintiff                                  :
    vs.                                            :          Case No.:  2022 CA 003678 B
                                                   :
DISTRICT OF COLUMBIA                               :
GOVERNMENT                                         :
441 4ᵗʰ Street, N.W., Suite 8005                   :
Washington, D.C. 20001                             :
        And                                        :
                                                   :
Officer CALEB DEMERITT, in his official  :
and individual capacity                            :
Seventh District Police Station                    :
2455 Alabama Avenue, SE                            :
Washington, D.C. 20020                             :
        And                                        :
Officer JOSHUA JARVIE, in his official and
individual capacity
Seventh District Police Station                    :
2455 Alabama Avenue, SE
Washington, D.C. 20020                             :
        And                                        :
Officer CORBIN STEWART, in his official  :
and individual capacity                            :
Seventh District Police Station                    :
2455 Alabama Avenue, SE                            :
Washington, D.C. 20020                             :
                                                   :
        Defendants                                 :
*********************************************************************

## COMPLAINT WITH REQUEST FOR JURY TRIAL

Plaintiff Shadonie Paylor, by and through her attorneys, the Law Offices of Lawrence

B. Manley & Associates, LLC, complains against Defendants and requests trial by jury as

follows:

## INTRODUCTION

1.     This is an action brought by Shadonie Paylor to vindicate profound deprivations of her constitutional rights caused by police brutality. On or about Tuesday, August 20, 2019, at approximately 12:50 pm, Ms. Shadonie Paylor while in the District of Columbia, was assaulted and viciously attacked, without provocation or legal cause, by officers employed by the DC Metropolitan Police Force, namely, officer(s) CALEB DEMERITT, JOSHUA JARVIE and CORBIN STEWART, all police officers employed by the DC Police Metropolitan police force, causing Ms. Paylor to sustain severe bodily injuries, including causing her to sustain a black eye, swollen knee, and elbow and brief loss of vision and other injuries to her neck and back.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court is founded on D.C. Code § 11-921.

3.     Venue is appropriate in this Court because the facts giving rise to this Complaint occurred in the District of Columbia, and Plaintiff is a citizen of the District of Columbia.

4.     NOTICE was provided to the Mayor of the District of Columbia via the Office of Risk Management pursuant to Section 12-309, DC Official Code (2001).

## PARTIES

5.     At all times relevant hereto, Plaintiff Shadonie Paylor was a resident of the District of Columbia and a citizen of the United States of America.

6.     Defendant District of Columbia, hereinafter "Defendant DC" is a municipal corporation and is the legal entity responsible for itself and for the District of Columbia Metropolitan Police Department. This Defendant is also the employer of the individual Defendant and is a proper entity to be sued under 42 U.S.C. 1983.

7.    Defendant CALEB DEMERITT was always herein a police officer employed by the District of Columbia Metropolitan Police department.

8.    Defendant JOSHUA JARVIE was always herein a police officer employed by the District of Columbia Metropolitan Police department.

9.    Defendant CORBIN STEWART was always herein a police officer employed by the District of Columbia Metropolitan Police department.

## STATEMENT OF FACTS

10.    Plaintiff incorporates all the preceding paragraphs, including the allegations, as if they were fully set forth again at this point.

11.    On or about Tuesday, August 20, 2019, at approximately 12:50 pm, Ms. Shadonie Paylor while in the District of Columbia, was in Woodland Terrance Community waiting for my children to get out of school.

12.    Suddenly, Officers pulled up, jumped out their vehicles and grabbed individuals.

13.    Plaintiff recorded officers negatively interacting with residents who assembled to watch the arrest and who recorded officers harass people that were not involved in any police business.

14.    One of the police officers told Plaintiff to not cross the police line, so she stepped back. The police did not have any visible markers to identify a police line.

15.    Another police officer walked up and said" She's going" and ran towards Plaintiff. The Officer chased and tackled Plaintiff to the ground, punched her in the face and

brutally assaulted her. The officer gave her a black eye, her knees, elbows and nose were swollen.

16.     The Plaintiff was transported to United Medical Center for treatment of injuries.

## CLAIMS FOR RELIEF

### FIRST CLAIM

(42 U.S.C. 1983 — Excessive Force in violation of the Fourth and Fourteenth Amendments Against Defendants Stewart, Jarvie,, Demeritt and District of Columbia)

17.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

42 U.S.C. 1983 provides that:

"Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress.',

18.     Plaintiff in this action is a citizen of the United States and the individual police officer Defendant to this claim are persons for purposes of 42 U.S.C. 1983.

19.     The individual Defendants, officers Stewart, Jarvie, and Demeritt , at all times relevant hereto, was acting under the color of state law in his capacity as District of Columbia Metropolitan Police Department police officers and his acts or omissions were conducted within the scope of his official duties or employment.

20.     At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

21      Plaintiff also had the clearly established Constitutional right under the Fourteenth

Amendment to bodily integrity and to be free from excessive force by law enforcement.

22.     Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

23.     Defendants, officers Stewart, Jarvie, and Demeritt's actions and use of force, as described herein, were objectively unreasonable considering the facts and circumstances confronting him and violated these Fourth Amendment rights of Plaintiff.

24.     Defendant officers Stewart, Jarvie, and Demeritt's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Ms. Paylor's federally protected rights. The force used by these Defendant(s) officer shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.

25.     Defendants Stewart, Jarvie and Demeritt unlawfully seized Ms. Paylor by means of objectively unreasonable, excessive, and conscious shocking physical force, thereby unreasonably restraining Ms. Paylor of his freedom.

26. The force used constituted deadly force in that it could have caused death and  did cause serious bodily injury.

27.     Defendant engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Ms. Paylor's federally protected constitutional rights.

28.     Officers Stewart, Jarvie and Demeritt did so with shocking and willful indifference to Plaintiffs rights and his conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

30.     The acts or omissions of Defendants Stewart, Jarvie and Demeritt were moving forces behind the Plaintiffs injuries.

31.     At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

32.     Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

33.     Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

34.     Defendant Stewart, Jarvie and Demeritt's actions and use of force, as described herein, were objectively unreasonable considering the facts and circumstances confronting him and violated these Fourth Amendment rights of Plaintiff.

35.     Defendants Stewart, Jarvie and Demeritt's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Ms. Payor's' federally protected rights. The force used by these Defendant officers shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.

36.     Defendants Stewart, Jarvie and Demeritt unlawfully seized Ms. Paylor by means of objectively unreasonable, excessive, and conscious shocking physical force, thereby unreasonably restraining Ms. Paylor of her freedom.

37.     The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

38.     Defendant engaged in the conduct described by this Complaint willfully, maliciously,  in bad faith, and in reckless disregard of Ms. Paylor's federally protected constitutional rights.

39.  Officer Stewart, Jarvie and Demeritt  did so with shocking and willful indifference to

Plaintiffs rights and his conscious awareness that they would cause Plaintiff severe

physical and emotional injuries.

40.  The acts or omissions of Defendants Stewart, Jarvie and Demeritt were moving

forces causing Plaintiffs injuries.


## SECOND CLAIM FOR RELIEF

Assault — an intentional and unlawful attempt or threat, either by words or by acts,
to do physical harm to the victim
(Against Defendants Stewart, Jarvie and Demeritt and District of Columbia)


41.  Plaintiff hereby incorporates all other paragraphs of this Complaint as if

fully set forth herein.

42.  Without warning or provocation, and with malice, officer Stewart, Jarvie and Demeritt

slammed Ms. Paylor to the sidewalk ground, causing injury to Ms. Paylor.


## THIRD CLAIM FOR RELIEF

Battery — an intentional act that causes a harmful or offensive bodily contact.
(Against Defendants Stewart, Jarvie and Demeritt and District of Columbia)

43.  Plaintiff hereby incorporates all other paragraphs of this Complaint as if

fully set forth herein.

44.  Without warning or provocation, and with malice, officers Stewart, Jarvie and

Demeritt brutally slammed Ms. Paylor to the sidewalk ground, causing injury to Ms.

Paylor.


## FORTH CLAIM FOR RELIEF

Gross negligence
(Against Defendants Stewart, Jarvie and Demeritt and District of Columbia)

45.  Plaintiff hereby incorporates all other paragraphs of this Complaint as if
     fully set forth herein.

46.  Without warning or provocation, and with malice, officers Stewart, Jarvie and Demeritt
     brutally slammed Ms. Paylor to the sidewalk ground, causing injury to Ms. Paylor.

FIFTH CLAIM FOR RELIEF
Punitive Damages
(Against Defendants Stewart, Jarvie and Demeritt)

47.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if
fully set forth herein. Without warning or provocation, and with malice, officers Stewart,
Jarvie and Demeritt brutally slammed Mr. Simmons to the sidewalk ground, causing injury to
Ms. Paylor.

## VI. PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each
of the Defendants and grant:

A.     Compensatory and consequential damages, including damages for emotional
       distress, humiliation, loss of enjoyment of life, and other pain and suffering on
       all claims allowed by law in an amount to be determined at trial.

B.     Economic losses on all claims allowed by law.

C.     Special damages in an amount to be determined at trial.

D.     Punitive damages on all claims allowed by law against individual Defendants
       and in an amount to be determined at trial;

E.     Attorneys' fees and the costs associated with this action under 42 U.S.C. 1988,

Dated: August 17, 2022


 /s/ Lawrence Manley
Lawrence B. Manley, Esq., # 379703
LAWRENCE B. MANLEY & ASSOCIATES, LLC
*Attorneys for Plaintiff*
2026 32nd Street SE
Washington, DC 20020
202-256-4524

                                        TRIAL BY JURY

 /s/ Lawrence B. Manley
Lawrence B. Manley, Esq.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

SHADONIE PAYLOR
   Vs.
DISTRICT OF COLUMBIA GOVERNMENT et al

C.A. No.     2022 CA 003678 B

## INITIAL ORDER AND ADDENDUM

**Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby** ORDERED **as follows:**

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

**Chief Judge Anita M. Josey-Herring**

Case Assigned to: Judge HIRAM E PUIG-LUGO
Date:     August 18, 2022
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, November 18, 2022
Location:   Courtroom 318
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

CAIO-60

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides,   "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC.  D.C. Code § 16-2825  Two separate Early Mediation Forms are available.    Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation.  D.C. Code§ 16-2826.  Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits.  The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

2

CAIO-60

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Shadonie Paylor

Case Number: **2022 CA 003678 B**

vs

DC, et al

Date: 8/17/2022

☐ One of the defendants is being sued
in their official capacity.

Name: *(Please Print)*
Lawrence Manley

Relationship to Lawsuit

Firm Name:
Law office Lawrence Ma()

☑ Attorney for Plaintiff

Telephone No.:        Six digit Unified Bar No.:
(202) 256-4524 (379703)

☐ Self (Pro Se)

☐ Other:

TYPE OF CASE:  ☐ Non-Jury        ☐ 6 Person Jury        ☑ 12 Person Jury

Demand: $ 150,000                Other:

PENDING CASE(S) RELATED TO THE ACTION BEING FILED   N/A

Case No.:_____   Judge: _____   Calendar #:_____

Case No.:_____   Judge: _____   Calendar#:_____

NATURE OF SUIT:    *(Check One Box Only)*

**A. CONTRACTS**

COLLECTION CASES

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
    Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
    Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
    Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
    Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
    Under $25,000 Consent Denied

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☑ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
    Not Malpractice)

☑ 17 Personal Injury- (Not Automobile,
    Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE        IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

## II.

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

## D. REAL PROPERTY

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

8/17/22
_____
Date

CV-496/ June 2015

**Civil Remote Hearing Instructions for Participants**

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option1:**   **(AUDIO ONLY/Dial-in by Phone):**

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

- *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise.  If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the **Audio Alternative**

**Option 2:** **(LAPTOP/ DESKTOP USERS 1):**

Open Web Browser in Google Chrome and copy and paste following address from the next page:
https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3:** **(LAPTOP/ DESKTOP USERS 2):**

Open Web Browser in Google Chrome and copy and paste following address
https://dccourts.webex.com   Select **Join**, enter the Meeting ID from the next page

**AUDIO ALTERNATIVE**:  Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window.  Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video.



**Option 4:** **(Ipad/SMART PHONE/TABLET):**

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

**For Technical Questions or issues Call: (202) 879-1928, Option #2**

3

CAIO-60

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).**  After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom.  Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

CAIO-60

| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |

CAIO-60